UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Norhan Ashraf Askar, | Case No. 22-cv-1793 (MJD/TNL) |
| Plaintiff, | |
| v. | |
| The United States of America, and Two Unknown Named Agents of the U.S. Marshals Service, | **[PROPOSED] AMENDED PROTECTIVE ORDER** |
| Defendants. | |

**WHEREAS,** this matter comes before the Court on the parties' Stipulated Amendment to Protective Order Regarding Confidentiality of Discovery Material, Inadvertent Disclosure of Privileged Information, and Privacy Act Disclosure ("Stipulation"), ECF No. 21;

**WHEREAS**, the parties seek amendment of the Protective Order [ECF No. 19] in this case;

**WHEREAS**, the Court finds good cause for the amendment;

**THEREFORE**, based upon the Stipulation, for good cause shown, and pursuant to Fed. R. Civ. P. 26(c), **IT IS HEREBY ORDERED** that:

1.  Discovery in this case will involve the production of documents in the possession of the United States of America including those maintained in government systems of record. These records may be subject to the Privacy Act of 1974, 5 U.S.C.

§ 552a ("Privacy Act"), or otherwise contain sensitive personal information, including personally identifiable information. Discovery will also involve the production of documents and information relating to sensitive law enforcement materials, investigative techniques, and undercover agents.

2. The United States, its agencies, and agents, including its counsel, are authorized, under 5 U.S.C. § 522a(b)(11), to release in discovery information and documents that would otherwise be protected from disclosure under the Privacy Act.

3. For purposes of this Order, the term "Confidential Information" includes the following: (a) information produced by the United States, its agencies, or employees, which the United States has determined to be law enforcement sensitive or protected by the Privacy Act; and (b) other confidential or sensitive personal information protected under State or Federal law. Such information may only be used, disseminated, copied or disclosed as indicated in this Order.

4. The parties may designate documents, testimony, written responses, and other materials produced in this case as subject to this Protective Order by marking each page as "Subject to Protective Order," if practical to do so. If it is not practical to do so, the designating party must otherwise inform the receiving party, in writing, that the information is subject to this Protective Order. Such notices shall accompany any such disclosure.

5. Documents and materials that identify the names and addresses of U.S. Marshals Service task force or other personnel, or the specific task force or group they are assigned to, necessitate a higher level of protection. Those materials will be disclosed to

Plaintiff's Counsel with the use of a Pseudonym of, for example, John Doe #. The United States agrees to provide a list of the names with corresponding Pseudonym for each individual to the Court ex parte, to the extent the Court deems that necessary for the case. The parties agree that upon a decision by the Court of the individually-named defendants' motion to dismiss,[1] they will meet and confer regarding whether the list of names can be disclosed at that time to counsel for the Plaintiff. The parties agree to meet and confer in good faith, as required by the local rules, and agree that any disputes concerning this provision of the Protective Order will be brought to Magistrate Judge Leung for resolution under the Court's informal dispute resolution procedures.

6. With regard to documents and still photographs of the individuals identified in paragraph 5, the Defendants will, during discovery, use a text overlay on each redaction to identify the corresponding pseudonym for the covered individual. The same pseudonym shall be used throughout the data produced by Defendants. For video and audio footage, the names and faces of those individuals will be similarly redacted.

7. Any other material designated "Subject to Protective Order" or "For Attorneys' Eyes Only" shall be restricted solely to their counsel, the Court, and court personnel, unless access is otherwise ordered by the Court or stipulated by counsel.

8. Except as provided herein, no person having access to Confidential Information, or the information contained therein, shall make any disclosure of

---

[1] In the parties' Joint Rule 26(f) Report, the parties indicate that "[t]here are two defendants that have not been served as their identities are currently unknown. After the entry of a protective order to protect the identities of the defendants, counsel for the defendants intends to accept service for those individuals and the Plaintiff can amend the Complaint as necessary." ECF No. 14 at 3. Further, the parties have indicated that "[u]pon service of the [C]omplaint upon the individual defendants, those defendants intend to move to dismiss the [C]omplaint on a number of legal grounds" and "assert a defense of qualified immunity." ECF No. 14 at 3.

Confidential Information without further Order of the Court.

9. This Protective Order does not restrict the disclosure or use of any information or documents lawfully obtained by the parties through means or sources outside of this litigation.

10. The sealing of entire pleadings, memoranda of law, exhibits, and the like is strongly discouraged. No document shall be filed under seal unless such document or information therein is genuinely confidential and/or there are compelling reasons to do so. Any party seeking to file a document under seal shall specifically review each document and the information therein to limit sealing only to the extent necessary. Any documents, filings, briefs, or other materials containing materials designated "Subject to Protective Order" or "For Attorneys' Eyes Only," shall be filed in accordance with D. Minn. LR 5.6 or otherwise conceal the information through the use of a pseudonym, if necessary. Counsel shall provide the Court with two courtesy copies of the unredacted documents with the redacted information highlighted in yellow. Any joint motion made pursuant to Local Rule 5.6 before United States Magistrate Judge Tony N. Leung shall conform to Exhibit B attached hereto.

11. Access to any materials designated "Subject to Protective Order," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless counsel stipulates to, or the Court authorizes, access by additional persons: (a) Plaintiff; (b) attorneys of record for Plaintiff in this action; (c) any persons regularly in the employ of, or persons contracted to perform services for attorneys of record for, the Plaintiff to the

extent reasonably necessary for the litigation of this action; (d) attorneys of record for United States government; (e) persons regularly in the employ of, or persons contracted to perform services for attorneys of record for, the United States to the extent reasonably necessary for the litigation of this action; (f) employees of federal agencies as deemed necessary by counsel for the United States government; (g) this Court, Court personnel, and any court reporters and stenographers engaged to record testimony and proceedings, and their employees; (h) any court reporter or videographer reporting a deposition; (i) Trustee for the family of Winston Smith appointed pursuant to Minn. Stat. § 573.02; (j) Attorneys for the Trustee for the family of Winston Smith appointed pursuant to Minn. Stat. § 573.02; and (k) Attorneys retained to represent the individual defendants in any matter relating to the subject of this litigation.

Access to any materials designated "For Attorneys' Eyes Only," including all information derived therefrom, shall be restricted solely to Defense Counsel, Plaintiff's counsel, the Court, and court personnel, unless access is otherwise ordered by the Court or stipulated by counsel.

12. Nothing in this Protective Order shall limit the parties' right to disclose their own Confidential Information. Nothing in this Order shall be construed to restrict in any way the use of any federal records by any federal agency or federal employee in the ordinary course of business consistent with applicable statutes and regulations.

13. Prior to being shown any materials designated "Subject to Protective Order," any person listed under subparagraphs 11(a)-(c) and (h)-(k) shall agree to be bound by the terms of this Protective Order by signing the "Acknowledgement of

Protective Order" attached to this Protective Order as Exhibit A. Materials designated "For Attorneys' Eyes Only" may be disclosed to and discussed with a person identified in subparagraph 11(b), (h), and (j)-(k) only after such person has executed a copy of Exhibit A, attached hereto. Each original signed "Acknowledgement of Protective Order" form executed by counsel of record for the receiving party shall be served on counsel for the disclosing party by e-mail within three days after execution. All other original signed "Acknowledgement of Protective Order" forms shall be retained by counsel until the conclusion of this litigation, and those forms may only be disclosed pursuant to Court order.

14. Each person given access to material designated "Subject to Protective Order" or "For Attorneys' Eyes Only" is advised that such material is being disclosed subject to the terms of this Protective Order, may not be disclosed other than pursuant to the terms thereof, and may be used only for purposes related to this action. Materials designated "Subject to Protective Order" may be disclosed to and discussed with a person identified in subparagraphs 11(a)-(c) and (h)-(k) only after such person has executed a copy of Exhibit A, attached hereto. Materials designated "For Attorneys' Eyes Only" may be disclosed to and discussed with a person identified in subparagraph 11(b), (h), and (j)-(k) only after such person has executed a copy of Exhibit A, attached hereto.

15. Whenever materials designated "Subject to Protective Order" or "For Attorneys' Eyes Only" are to be discussed or disclosed in a deposition, the United States may exclude from the room any person—other than persons designated in Paragraph 11 who have complied, if applicable, with the terms of Paragraph 13—for that portion of the

deposition. Whenever materials designated "Subject to Protective Order" or "For Attorneys' Eyes Only" are to be discussed or disclosed in a hearing or pre-trial proceeding, the United States may request to exclude from the room any person—other than persons designated in Paragraph 11 who have complied, if applicable, with the terms of Paragraph 13—for that portion of the hearing or pre- trial proceeding.

16.     Within 30 days after receipt of the final transcript of the deposition of any party or witness in this case, the parties may designate "Subject to Protective Order" or "For Attorneys' Eyes Only" any portion of the transcript that the parties view as disclosing Confidential Information. If a transcript (or excerpt of a transcript) containing any such material is filed with the Court, it shall be filed in accordance with D. Minn. LR 5.6. Unless otherwise agreed, all deposition transcripts shall be treated as subject to this Protective Order until the expiration of the 30-day period.

17.     At the deposition of any witness, the parties may designate "Subject to Protective Order" or "For Attorneys' Eyes Only" any confidential testimony, exhibit, or other information provided or disclosed at the deposition of any witness, and that testimony, exhibit, or other information is subject to the provisions of this Protective Order, unless the Court orders otherwise or counsel for the parties stipulate otherwise.

18.     Should this matter proceed to trial, the parties shall confer concerning measures which they recommend be taken during trial of this action to satisfy the requirements of confidentiality consistent with the right of all parties to present admissible evidence necessary for a proper resolution of this case.

19.     The parties reserve the right to dispute the confidential status of

information in accordance with this Protective Order. If the parties believe that any materials have been inappropriately designated "Subject to Protective Order" or "For Attorneys' Eyes Only," counsel for the parties shall confer in good faith in an attempt to resolve the matter. As part of that conferral, the parties must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter, the matter may be challenged by motion. The parties must abide by the confidential designation until the matter is resolved by agreement of the parties or by the Court.

20. The inadvertent failure to label a document, testimony, or other material as "Subject to Protective Order" or "For Attorneys' Eyes Only" prior to disclosure shall not waive or forfeit the right to later designate the document, testimony, or other material as Confidential Information. The parties, their counsel, and any others bound by the Protective Order shall not disclose such documents, testimony, or other material if the person knows or reasonably should know that a claim of confidentiality would be made. Promptly after receiving notice of a claim of confidentiality, the receiving parties, their counsel, or others bound by the Protective Order shall inform the designating party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

21. Labeling of information or documents as "Subject to Protective Order" or "For Attorneys' Eyes Only," or the failure to do so, will not constitute an admission regarding the confidentiality of information or documents. The receiving parties may not

introduce into evidence in any proceeding between the parties, other than in a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the disclosing party labeled or failed to label information or documents "Subject to Protective Order" or "For Attorneys' Eyes Only," or otherwise designate them as Confidential Information.

22. Upon the request of the disclosing party at any time, or within 60 days after either: (1) the entry of a final judgment or expiration of the time to appeal from a final judgment, whichever is later; or (2) the execution of any agreement between the parties to compromise or settle this case, the receiving parties and any person authorized by this Protective Order to receive materials designated "Subject to Protective Order" or "For Attorneys' Eyes Only," shall return to the disclosing party, or destroy, all information and documents subject to this Protective Order. Returned materials shall be delivered in sealed envelopes marked "CONFIDENTIAL" to counsel for the disclosing party. If the disclosing party requests that such information be destroyed rather than returned, the receiving parties and any person authorized by this Protective Order to receive Confidential Information must certify in writing that all materials designated "Subject to Protective Order" or "For Attorneys' Eyes Only," including all information and all copies (as defined by Fed. R. Evid. 1001(c)), summaries, extracts and notes therfrom, have been destroyed.

23. This Protective Order does not constitute any ruling on the question of whether any particular document or category of information is properly discoverable and does not constitute any ruling on any potential objection to the discoverability,

relevance, or admissibility of any document or information.

24.     This Protective Order does not constitute a waiver of the parties' right to assert any privilege or protection—including but not limited to the attorney-client privilege, attorney work product, or law enforcement privilege—as to any materials disclosed pursuant to this Protective Order or otherwise. Furthermore, inadvertent disclosure by Plaintiffs or the United States, its agencies, or its employees of any document or other material containing attorney-client communications, attorney work product, or other privileged information shall not constitute a waiver of the privilege for either that document or other material, or for the subject matter of that document or other material. Except in the event that the requesting party disputes the claim of privilege, any documents the disclosing party deems to have been inadvertently disclosed and to be subject to a privilege shall, within five business days of notification, be returned to the producing party, or destroyed, at that party's option. If the privilege claim is disputed, a single copy of the materials may be retained by the requesting party for the exclusive purpose of seeking judicial determination of the matter pursuant to Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Evid. 502.

25.     Nothing in this Protective Order shall preclude the parties from seeking amendments to expand or restrict the rights of access to or use of materials designated "Subject to Protective Order" or "For Attorneys' Eyes Only," or other modifications, subject to order by the Court.

26.     The restrictions on disclosure and use of materials designated "Subject to Protective Order" or "For Attorneys' Eyes Only," shall survive the conclusion of this

action, and this Court shall retain jurisdiction to enforce the terms of this Protective Order.

27. Nothing within this order shall be construed as to limit the responsibility of the Parties to disclose information otherwise discoverable and not subject to this Order pursuant to Fed. R. Civ. P. 26 (c).

28. Breach of the provisions of this Protective Order shall be subject to sanctions as authorized by statute, rule, or the inherent power of the Court.

29. All prior consistent orders remain in full force and effect.

30. Failure to comply with any provision of this Protective Order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: October __, 2023

_____
Tony N. Leung
United States
Magistrate Judge
District of Minnesota

*Askar v. United States et al.*
Case No. 22-cv-1793 (MJD/TNL)

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Norhan Ashraf Askar,<br><br>      Plaintiff,<br><br>v.<br><br>The United States of America, and Two Unknown Named Agents of the U.S. Marshals Service,<br><br>      Defendants. | Case No. 22-cv-1793<br>(MJD/TNL)<br><br>**EXHIBIT A**<br><br>**ACKNOWLEDGMENT OF PROTECTIVE ORDER** |

    I, _____, hereby acknowledge that I have read the **Protective Order** in *Askar v. United States, et al.*, No. 22-cv-1793 (MJD/TNL) (D. Minn.), entered by this Court on _____, 2022. I agree to be bound by the terms of the Protective Order and understand that I am subject to the contempt powers of this Court for any violation thereof.

    I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

    Executed on _____, 20__.

                                                  _____
                                                          Signature

                                                          _____
                                                         Printed Name